GORDILS ET AL., DEMANDANTES Y APELADOS, *v.* SUCESORES DE FRONTERA, S. EN C., ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en un caso sobre nulidad de escrituras.

No. 1064.—Resuelto en julio 27, 1914.

FRAUDE—PRUEBA.—La prueba del fraude debe ser siempre robusta.

ID.—MANDATO OTORGADO MEDIANTE FRAUDE Y ENGAÑO—INSUFICIENCIA DE LA PRUEBA.—Examinada la prueba en este caso, *se resolvió* que era insuficiente para demostrar que la escritura de mandato impugnada en este pleito había sido otorgada mediante fraude y engaño.

MANDATO—INTERPRETACIÓN RESTRICTIVA.—Los mandatos han de interpretarse siempre restrictivamente.

ID.—EXTRALIMITACIÓN DE LOS LÍMITES DEL MANDATO—FACULTADES PARA TOMAR DINERO A PRÉSTAMO Y CONSTITUIR HIPOTECAS.—Siendo la única facultad concedida al apoderado la de tomar dinero a préstamo y garantizar éstos con hipoteca, no está autorizado para hacer reconocimiento de deudas existentes con anterioridad ni para asegurarlas con hipoteca.

CAUSA DEL CONTRATO—NULIDAD POR FALTA DE LA MISMA—RECONOCIMIENTO DE DEUDA POR UN MANDATARIO.—Aun en el supuesto de que la escritura de reconocimiento de deuda y constitución de hipoteca en litigio no fuera nula por la extralimitación del apoderado en sus facultades, lo sería por falta de causa en la obligación, por haberse demostrado que el poderdante no debía la deuda que reconoció el apoderado.

ALEGATO DEL APELANTE—ERRORES FUNDAMENTALES—EXPOSICIÓN DE ERRORES.— Cuando ambas partes apelan contra una misma resolución y no presentan alegatos con la exposición de errores exigida por la regla 42, el tribunal, de acuerdo con la regla 43, puede dejar de considerar el recurso cuando no observa ningún error fundamental en la resolución apelada.

Los hechos están expresados en la opinión.

Abogado de los apelados: *Sr. Luis Montalvo Guenard.*

Abogado de Sucesores de Frontera, S. en C.: *Sr. Jose Sabater.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Romana Gordils Rosario y su esposo Gavino Irizarry presentaron demanda en la Corte de Distrito de Mayagüez contra Sucesores de Frontera, S. en C., y José Vázquez Caraballo en la que interesaron la nulidad de una escritura de poder otorgada por Romana Gordils a favor de José Vázquez Caraballo y de otra de hipoteca que otorgó Vázquez Caraballo a favor de la mercantil Sucesores de Frontera, S. en C., usando de ese poder, siendo los fundamentos de la demanda que la escritura de poder fué suscrita por sorpresa y engaño del demandado Vázquez Caraballo en combinación con la mercantil Sucesores de Frontera, S. en C., y fué el producto de una maquinación dolosa y también que, aun en el supuesto de que el poder fuera cierto y verdadero y realmente otorgado con el consentimiento de la demandante Señora Gordils, la escritura de hipoteca es nula porque el apoderado se excedió de las facultades que se le habían conferido.

El pleito se ha seguido en rebeldía de José Vázquez Caraballo pero la sociedad demandada compareció y contestó negando los hechos sustanciales de la demanda y aduciendo materia nueva.

Celebrado el juicio, la corte de Distrito de Mayagüez dictó sentencia declarando con lugar la demanda en todas sus partes y nulas la escritura de poder y la de hipoteca, que los demandantes no están obligados con la mercantil Sucesores de Frontera, S. en C., a responsabilidad alguna en relación con los contratos que constan en las escrituras antes mencionadas, y condenó a Sucesores de Frontera S. en C. y a José Vázquez Caraballo al pago de por mitad de todas las costas y desembolsos en el pleito y además a la mercantil citada al pago de una suma razonable para honorarios del abogado de los demandantes.

De los hechos contenidos en la exposición del caso que se nos ha presentado resulta que a fines de 1910 José Vázquez Caraballo pidió a los demandantes que le garantizaran una deuda de $100 que tenía con la mercantil Sucesores de Frontera S. en C., y habiendo ellos accedido a esa solicitud, en 10 de septiembre de ese año compareció Romana Gordils y Rosario ante un notario y confesando adeudar $100 a la mercantil Sucesores de Frontera S. en C. constituyó hipoteca a favor de éstos sobre una finca de su propiedad. Sin embargo, este contrato no está en discusión en este pleito ni se niega por la demandante Romana Gordils que diera esa garantía a la sociedad demandada exponiéndose solamente como antecedente de los demás hechos que se alegan haber ocurrido y que motivan el presente pleito.

Se sostiene por los demandantes y apelados que Vázquez Caraballo con el engaño de que la suscribiente de ese documento tenía que comparecer de nuevo ante notario para recibirla carta de pago por haber satisfecho él los $100 que ella le garantizó, la hizo firmar un documento en esa creencia que luego ha resultado ser la escritura No. 115 de 23 de febrero de 1911, de poder conferido por ella a favor de José Vázquez

Caraballo; y aun cuando se ha presentado prueba para demostrar ese engaño, y se alega en la demanda que tal documento fué producto de una combinación entre Vázquez Caraballo y la mercantil demandada, y aun cuando la corte inferior estimó que ese documento era fraudulento y doloso, sin embargo, entendemos como los apelantes, que la prueba no es bastante para sostener esa conclusión.

Desde luego no hay elemento alguno de prueba que demuestre que la mercantil practicara acto alguno en relación con el otorgamiento de ese poder; toda la prueba respecto al fraude consiste en las declaraciones del esposo de Romana que no tiene otro conocimiento de los hechos sino el permiso que dió a su esposa para que garantizara a Vázquez Caraballo por los $100 dichos; la de Romana Gordils que dice que Vázquez manifestándole ser necesaria su comparecencia ante un notario para la carta de pago de la anterior obligación, la hizo firmar un documento que no leyó, que creyó ser tal carta de pago y que luego resultó más adelante que era un poder; la declaración de Adolfo Torrellas, testigo en el documento de mandato, manifiesta que el documento que Romana Gordils suscribió sin leerlo era un poder a Vázquez Caraballo; que a ellos dos los oyó hablar de una carta de pago y que después manifestó a Vázquez Caraballo que el documento que se había suscrito no era carta de pago sino poder; y la declaración de Juan Rivera que oyó cuando Vázquez Caraballo dijo a Romana Gordils en su casa, que tenía que ir al pueblo a firmar una carta de pago. Otros testigos declararon, pero sobre hechos que no tienen relación alguna con el fraude que se alega.

Nos parece que esa prueba no es suficiente para que se pueda llegar a la conclusión de que el documento de poder se otorgó mediante fraude y engaño. La prueba del fraude debe ser siempre robusta y las declaraciones de esos dos testigos y la propia manifestación de la demandante Romana Gordils no nos demuestran que al suscribir ella el documento no supiera que firmaba un poder a favor de Vázquez Cara-

ballo, pues no es bastante para ello lo que manifiestan los testigos Rivera y Torrellas, por lo que no podemos estar conformes con la parte de la sentencia que declara la nulidad de ese documento por fraude.

El documento de poder contiene la facultad siguiente: "para que tome a préstamo cualesquiera cantidades a la persona que crea conveniente con las condiciones que crea necesarias y por el tiempo que estime conveniente; y para que hipoteque en garantía de dichos préstamos a favor del prestamista, una finca rústica que posee dedicada a café * * *."

No contiene ese poder otra cláusula que la consignada y teniendo presente que los mandatos han de interpretarse siempre restrictivamente y que los mandatarios no tienen otras facultades que aquéllas que les haya conferido su mandante, entendemos que se trata de un poder especial que solamente confiere al mandatario la facultad de tomar dinero a préstamo y de constituir hipoteca por las cantidades que tome prestadas.

Usando de ese poder José Vázquez Caraballo constituyó en 10 de marzo de 1911 ante Notario Público y bajo el número 138 una escritura por la que reconociendo que Doña Romana Gordils Rosario se hallaba entonces adeudando a la mercantil Sucesores de Frontera S. en C. la suma de $800 que le había facilitado para varias atenciones hacía algún tiempo, en garantía de ella constituyó hipoteca a favor de dicha mercantil sobre una finca que se describe.

Tal reconocimiento de deuda y subsiguiente garantía de hipoteca es nulo porque el apoderado excedió los límites de su poder, ya que no puede estimarse como lícito y valedero lo que un mandatario hace rebasando los límites de su mandato, a menos que haya sido ratificado expresa o tácitamente por el mandante, según el artículo 1629 del Código Civil. Romana Gordils lo había facultado únicamente para tomar dinero a préstamo y constituir hipoteca por dichos préstamos, pero no lo había autorizado para hacer reconocimientos de

deuda ni en consecuencia para hipotecar sus bienes por tal clase de ·deudas, sino únicamente por las cantidades que tomase en préstamo.

A·demás, ·en el juicio se demostró por la declaración del gestor de la mercantil que Romana Gordils nunca había tenido cuentas con esa sociedad ni le debía ·dinero alguno en la fecha del contrato, lo que demuestra también que si no fuera nula esa hipoteca por la extralimitación del apoderado en sus facultades, lo sería por falta de causa en la obligación; y aun cuando la sociedad apelante reconoce que Romana Gordils nada debía a la mercantil Sucesores de Frontera S. en C., sostiene, sin embargo, que el contrato de hipoteca tuvo como causa la garantía que por medio de hipoteca quiso esa señora constituir a favor de tal mercantil para garantizarle la cantidad de $800 de que les era deudor José Vázquez Caraballo. Pero ni aun aceptando esa tesis de la apelante tendría causa la escritura de hipoteca toda vez que según declaró el gestor de esa mercantil, José Vázquez Caraballo· no les debía esos $800 cuando la hipoteca se otorgó y no llegó a debérselos, según la cuenta corriente que se presentó, hasta el 27 de abril de 1911, o sea un mes después del documento, por lo que siendo falsa la causa expresada en el contrato, y no habiéndose proba·do de acuerdo con el artículo 1243 del Código Civil, que estuviera fundado en otra vendadera y lícita, tenemos que concluir que el contrato· de hipoteca es nulo por los motivos expresados.

En este extremo debe ser confirmada la sentencia, así como en lo relativo a costas, desembolsos y honorarios.

También existe en la transcripción una apelación interpuesta por los demandantes y por los demandados contra resolución de la expresada corte de 22 de septiembre ·de 1913 aprobando el memorándum de costas con ciertas modificaciones, pero como ninguna de las dos partes apelantes ha cumplido con la regla 42 de las de este tribunal ·de presentar un alegato con la exposición de los errores en que funda su re-

curso, haciendo nosotros uso de la regla 43 dejaremos de considerar ese recurso, pues no observamos ningún error fundamental en la resolución apelada.

> *Confirmada en parte la sentencia apelada y re-*
> *vocada en cuanto a la escritura de poder en*
> *litigio.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. Hutchison no formó parte del tribunal en la vista de este caso.